ANNIE C. LOVEITT, et al., *vs.* CLIFFORD WILSON.

Cumberland. Opinion November 22, 1914.

*Breach.    Contract.    Debt.    Forfeiture.    Justification.*
*Life Estate.    Sale.    Warranty Title.    Will.*

In an action of debt brought by the vendors against the vendee to recover the forfeiture stipulated in a written contract for the sale and purchase of real estate, the plaintiff therein agreeing to convey "by good and sufficient warranty title;"

*Held:*

1. That the plaintiffs were bound to furnish a title free from incumbrance.
2. That the plaintiffs' title was based upon a devise in the will of John Fred Loveitt to his son, Edwin W. Loveitt, one of the plaintiffs, which was conditional upon the performance by said Edwin of the terms of a certain agreement whereby he was bound to suitably support and care for his father and mother during their life, and at their decease pay all burial expenses, &c.
3. That this constituted a condition subsequent and the plaintiffs' estate was subject to forfeiture for neglect of performance.

4. That as this condition as to payment of burial expenses both of the father and mother had not been complied with, the title was not free from incumbrance and the plaintiff did not offer "a good and sufficient warranty title."

On report. Judgment for defendant.

This is an action in a plea of debt upon a written contract for the sale of land, executed on the 24th day of February, A. D. 1914, to recover from defendant the sum of two hundred dollars as liquidated damages because of the alleged inability of plaintiffs to convey good title to the land as called for by the contract.

At the conclusion of the hearing, the parties agreeing thereto, the case was reported to the Law Court at Portland. The writ, declaration, pleading and copies of vouchers to make the report of the case as far as admissible.

The case is stated in the opinion.

*D. A. Meaher,* for plaintiffs.

*W. L. Waldron and C. B. Skillin,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, HANSON, JJ.

CORNISH, J. Action of debt upon a written contract for the sale and purchase of real estate, brought by the vendor against the vendee to recover the sum of two hundred dollars, the stipulated forfeiture in case of a breach by either party.

The contract was executed on February 24, 1914, and under it, in consideration of the sum of $2600 to be paid as therein stated, the plaintiff agreed to sell and convey to the defendant "by good and sufficient warranty title" certain real estate in South Portland, "titles to be passed on or before April 15, 1914."

The defense is two fold,—first, justification because of the defective condition of the title, and second, non-tender of the deed within the time specified.

After the contract was made the defendant employed an attorney to investigate the plaintiffs' title and he found that it was based upon the will of John Fred Loveitt, father of Edwin W. Loveitt, one of the plaintiffs. The first item in the will gave a life estate

in the premises to Betsey M. Loveitt, the wife of John Fred. Then followed this provision:

"Second: I give and devise to my son, Edwin W. Loveitt of South Portland, who lives with me, the house and land where I live, at 372 Preble street, South Portland, in consideration of and in satisfaction of his carrying out a certain agreement made with me this day that he will at all times during my natural life, and that of my wife Betsey M. Loveitt and the survivor, well and sufficiently support and maintain, and clothe and in all respects suitably care and provide for us and each of us in the home at 372 Preble street, South Portland, and at our decease give us a respectable burial and pay the expenses of the same in accordance with the agreement above named and contract entered into between myself and the said Edwin W. Loveitt for this purpose."

John F., the father, died on October 9, 1912, and Betsey M., the mother, on January 16th, 1913. Edwin W. was appointed administrator of his father's estate with the will annexed on November 22, 1912, but at the date of these negotiations had filed no account and apparently had taken no steps toward a settlement of the estate. The attorney, finding these facts and ascertaining further that certain of the expenses specified in the devise had not been paid, reported to the defendant that the title was not clear, and the Trust Company from which the defendant was to obtain a mortgage loan refused to make it for the same reason.

Clearly the defendant was justified in declining to complete the purchase under these circumstances. The plaintiffs were bound under their agreement to furnish a "good and sufficient warranty title." What is the fair construction of that term in this action at law to recover damages for alleged breach of the contract? It evidently means a title free from encumbrance. That is the title which the vendor in this case is bound to convey and nothing short of that is the vendee bound to accept. Applying this test we think the defendant had the legal right to refuse the title offered. The title was not free from encumbrance. It was encumbered by a condition subsequent and was subject to forfeiture for neglect of performance. *Marwick* v. *Andrews,* 25 Maine, 525; *Morse* v. *Hayden,* 82 Maine, 227. Admittedly, this condition had not been fully performed. The funeral expenses of the father, who had

died in 1912, as well as the expenses of the last sickness and funeral of the mother who died in 1913, had not been paid on April 15, 1914, the agreed date of transfer.

The defendant acted in the utmost good faith. He had employed a competent attorney to search the records, and the attorney reported to him the result and informed him that in his opinion the title was defective. He had applied to a Trust Company for a loan, and the company on learning the facts had declined to accept the title as a basis for a mortgage loan. He seasonably notified the plaintiffs or their agents, but no steps were taken by them to cure the defects and validate the title. Even when the deed was tendered on May 7, 1914, three weeks after the specified time, the situation remained unchanged. Had the condition been fulfilled even then, the defendant says he would have waived the delay and completed the purchase. But it was not until the following August that the claims were paid and the cloud removed.

The plaintiffs lay stress upon the fact that the defendant, on February 27, 1914, three days after the agreement was made, loaned them two hundred dollars and took a mortgage of these same premises as security. We fail to see the force of this contention. It appears that the defendant had at that time made no investigation of the records whatever, and was assured by the plaintiffs' agents that the title was clear. There is a vast difference between taking a mortgage for the small sum of two hundred dollars, and purchasing the premises for the sum of two thousand, six hundred dollars. The risk connected with the former would be small as compared with that attendant upon the latter.

We therefore conclude that the plaintiffs did not tender to the defendant a "good and sufficient warranty title" as they had contracted to do and that this action cannot be maintained.

This view of the case renders unnecessary a consideration of a non-tender of the deed on or before the specified date, April 15, 1914. The defendant would not have accepted it if tendered, and he would not have been obliged to accept it, because of the defective condition of the title.

*Judgment for defendant.*